# Illinois Official Reports

## Appellate Court

---

***People v. Axelson*, 2015 IL App (2d) 140173**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORVILLE AXELSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0173 |
| Filed | January 9, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's postjudgment motion was vacated on the ground that defendant's counsel failed to strictly comply with Supreme Court Rule 604(d) when his certificate stated that he consulted with defendant about his contentions of error with respect to his guilty plea but did not mention any contentions of sentencing errors, and the parties agreed that the cause had to be remanded to allow defendant to file a new motion, if desired, to allow his counsel to file a complete and correct certificate, and to have the motion heard in compliance with Rule 604(d), but the parties disagreed as to whether defendant should be allowed to seek the withdrawal of his guilty plea, reconsideration of his sentences, or both, and in view of the language of Rule 605(c) stating that it applies when concessions have been made by the prosecution relating to defendant's sentences, and not merely the charges pending, as in defendant's case, where the prosecution agreed to forego any recommendation that consecutive sentences be imposed, the proceedings on remand would have to follow Rule 605(c) and defendant would only be allowed to withdraw his guilty plea and vacate the judgment. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, Nos. 10-CF-905, 10-CF-1425; the Hon. Rosemary Collins, Judge, presiding. |

| | |
|---|---|
| Judgment | Vacated and remanded with directions. |

| | |
|---|---|
| Counsel on Appeal | Michael J. Pelletier and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| | |
|---|---|
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Birkett and Spence concurred in the judgment and the opinion. |

**OPINION**

¶ 1    Defendant, Orville Axelson, pleaded guilty to one count each of burglary (720 ILCS 5/19-1(a) (West 2010)) and unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2010)) and was sentenced to concurrent 10-year prison terms. The trial court denied his postjudgment motion, and he appeals. On appeal, defendant argues that, because his attorney failed to file a proper certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), the order denying his motion must be vacated and the cause must be remanded.

¶ 2    The State confesses error and agrees that the cause must be remanded. The parties disagree, however, on the proper procedure on remand. Defendant contends that, because he entered a nonnegotiated plea, Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) applies. The State contends that defendant's plea was negotiated, so that Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) applies. We agree with the State and remand the cause with directions.

¶ 3    In case No. 10-CF-905, defendant was charged with two counts of burglary and one count of possession of burglary tools (720 ILCS 5/19-2(a) (West 2010)). In case No. 10-CF-1425, he was charged with one count of unlawful possession of a stolen motor vehicle. The cases were consolidated.

¶ 4    On April 17, 2012, the parties presented an agreement under which defendant would plead guilty to one count of burglary and the count of unlawful possession of a stolen motor vehicle, and the other charges would be dismissed. In questioning defendant, the judge asked, "Is there any agreement about what the sentencing would be?" Defendant said, "No." The judge then stated, "That's correct, too. What we call an open plea." After further admonishments, the judge stated, "[B]ecause this is what's called an open plea that means that there is no agreement about what the sentence will be."

¶ 5 The judge then stated, "And it's my understanding that the sentences will be concurrent." Defendant's attorney, Wendell Coates, responded, "That's correct." The judge explained to defendant what "concurrent" meant but did not specifically inform him that the law allowed consecutive sentencing in his case. After further admonishments and the presentation of the factual basis, the court accepted the plea. On June 13, 2012, defendant was sentenced to concurrent 10-year prison terms.

¶ 6 Coates later withdrew from the case. On January 13, 2014, defendant's new counsel, Michael Phillips, filed an amended motion to withdraw his guilty plea and, alternatively, to reduce his sentences. It alleged defects in the guilty-plea hearing and in the sentencing process.

¶ 7 On January 13, 2014, at a status hearing without defendant present, Phillips stated that the motion was "defendant's motion to withdraw his guilty plea. *** And to–and/or in the alternative to reduce sentence." The judge noted, "Actually, Counsel, this was a cap case. So when there's a cap, it's a motion to withdraw plea. At least that's my understanding of the law." Phillips responded, "That's my understanding too. If there's an agreed sentence on the plea agreement [*sic*], then you have to make a motion to withdraw."

¶ 8 On February 7, 2014, Phillips submitted a certificate stating that he had consulted with defendant "to ascertain [his] contentions of error regarding the entry of a Plea of Guilty"; that he had examined the trial court file and the report of proceedings of the guilty-plea hearing; and that he had made any amendments to the motion necessary to present any defects in the proceedings.

¶ 9 On February 11, 2014, the trial court denied defendant's motion. He timely appealed.

¶ 10 On appeal, the parties agree that the ruling on the postjudgment motion must be vacated, and the cause remanded, because Phillip's certificate did not strictly comply with Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994) (strict compliance required). Rule 604(d) requires an attorney to certify that he has consulted with the defendant "to ascertain [the] defendant's contentions of error in the sentence or the entry of the plea of guilty." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). As interpreted, this language requires counsel to certify that "he has consulted with the defendant 'to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty.' " (Emphasis in original.) *People v. Tousignant*, 2014 IL 115329, ¶ 20; see Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Here, Phillips' certificate stated that he had consulted with defendant "to ascertain [his] contentions of error regarding the entry of a Plea of Guilty" but did not mention contentions of error regarding defendant's sentences. Thus, it did not strictly comply with Rule 604(d).

¶ 11 The parties agree that the order denying defendant's motion must be vacated, and the cause remanded, so that defendant may (1) file a new postjudgment motion if he wishes; (2) have counsel file a complete and correct Rule 604(d) certificate; and (3) have the motion heard, all in strict compliance with Rule 604(d). See *Tousignant*, 2014 IL 115329, ¶¶ 5, 23. We agree.

¶ 12 The parties disagree, however, on one matter. Defendant asserts that, on remand, he must be allowed to move either to withdraw his guilty plea, to reconsider his sentences, or both. Accordingly, he requests that we direct the trial court first to admonish him per Rule 605(b), which applies when "a judgment is entered on a plea of guilty, other than a negotiated plea of guilty." Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). Rule 605(c), by contrast, applies when a judgment is entered on a negotiated plea of guilty, *i.e.*, "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the

charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Defendant notes that, at the guilty-plea hearing, he stated that there was no agreement on his sentences, and the trial judge stated that he was entering an "open" plea. Defendant concludes that, because his plea was not negotiated, the proceedings on remand must follow Rule 605(b).

¶ 13    The State responds that the proceedings on remand must follow Rule 605(c), under which defendant may move only to withdraw his guilty plea and vacate the judgment. The State reasons that defendant's plea was in reality a negotiated one, because, as part of the agreement, the prosecution elected not to recommend consecutive sentences. The parties implied this at the hearing, and, indeed, the trial judge later recognized that this was a "cap" case.

¶ 14    The resolution of this issue turns on the construction of Rule 605. We must effectuate the intent of the rule's drafters, the best evidence of which is the rule's language, given its plain meaning. *Tousignant*, 2014 IL 115329, ¶ 8.

¶ 15    Rule 605(c) applies when "the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). This language is plain, and it applies here. Whatever defendant and the trial judge said at one point, the guilty-plea hearing as a whole proves that the prosecution did make a concession relating to the sentences to be imposed–it agreed to forgo any recommendation that defendant receive consecutive sentences. That objective fact controls. Whether to apply Rule 605(b) or 605(c) depends on the character of the plea and the agreement, if any, underlying it, and not on the defendant's subjective understanding of his plea. Of course, any inconsistency between the actual plea and the defendant's understanding thereof *might* support a claim of error to be raised later in a postjudgment motion. That is a separate matter, and we intimate no opinion on whether any such misunderstanding might provide grounds for relief on remand.

¶ 16    For the foregoing reasons, we (1) vacate the order denying defendant's postjudgment motion; and (2) remand the cause for postjudgment proceedings in accordance with this opinion and Rules 604(d) and 605(c).

¶ 17    Vacated and remanded with directions.