NOTICE
Decision filed 10/31/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230011-U

NO. 5-23-0011

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-CF-349 |
| | ) | |
| DEMARIO D. BELL, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where defendant's sentencing counsel complied with Rule 604(d), and the circuit court did not abuse its discretion in denying defendant's motions to reconsider his sentence and withdraw his guilty plea, and any argument to the contrary lacks merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Demario D. Bell, appeals the circuit court's order denying his motions to withdraw his guilty plea and reconsider his sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded the appeal lacked arguable merit and filed a motion to withdraw along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD notified defendant of its motion. Defendant was provided an opportunity to respond to OSAD's memorandum and he timely filed his response. After considering the record on appeal,

1

OSAD's supporting memorandum, and defendant's response, we conclude this appeal lacks merit. Therefore, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                BACKGROUND

¶ 4      Defendant was charged with armed violence in violation of section 402(a)(2)(A) of the Illinois Controlled Substances Act (720 ILCS 570/402(a)(2)(A) (West 2020)) and section 33A-2(a) of the Criminal Code of 2012 (720 ILCS 5/33A-2(a) (West 2020)), being an armed habitual criminal (AHC) in violation of section 24-1.7(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.7(a) (West 2020)), and possession of between 15 and 100 grams of a controlled substance with intent to deliver in violation of section 401(a)(2)(A) of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 2020)), all Class X felonies. The charges arose after police executed a search warrant at defendant's home and found drugs and a gun. Defendant moved to challenge the veracity of the statements used to obtain the search warrant and sought suppression of the seized evidence. See *Franks v. Delaware*, 438 U.S. 154 (1978). Following a hearing, the court denied the motion.

¶ 5      On March 7, 2022, defendant pled guilty to the AHC and possession charges in exchange for the State's dismissal of the armed violence charge. The State further agreed to not pursue consecutive sentences for two remaining charges.

¶ 6      The State's factual basis showed that officers executing a search warrant at defendant's home discovered crack cocaine, evidence of intent to deliver, and a firearm. The factual basis further indicated that following defendant's arrest, and receipt of *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436 (1966)), defendant admitted in a recorded statement that he owned the firearm and that he possessed and sold cocaine. Defendant agreed the State could produce this evidence if the case went to trial.

2

¶ 7    The court confirmed that defendant understood he was not required to plead guilty but that, by doing so, he was giving up certain rights including requiring the State to overcome the presumption of innocence by proving him guilty beyond a reasonable doubt, the rights to a jury trial, to counsel, to confront witnesses, to see the evidence against him, to be present, to present a defense, and to testify or remain silent. The court further confirmed defendant had sufficient time to discuss the terms and consequences of the plea with his trial counsel, defendant was satisfied with counsel's services, and his medication did not affect his ability to understand the proceedings. Defense counsel also advised the court of her belief that defendant was coherent, comprehended their discussions, and was entering the plea knowingly, intelligently, and voluntarily. The court accepted defendant's plea and ordered a presentence investigation report (PSI).

¶ 8    The PSI was filed with the court on April 13, 2022. On April 20, 2022, defense counsel submitted a supplement to the PSI addressing defendant's medical condition and related physical infirmities for consideration at the sentencing hearing. Counsel also moved to withdraw alleging defendant continued to demand she "make certain false statements to the court," threatened her with nonpayment and withdrawal of his plea if she withdrew, and an irretrievably broken attorney-client relationship. Following a hearing on April 28, 2022, in which defendant declined to present any objection, the court granted defense counsel's motion to withdraw and appointed the public defender to represent defendant.

¶ 9    The sentencing hearing was held on September 8, 2022. After confirming the possible minimum and maximum sentences, addressing whether concurrency of the sentences was required or discretionary, and considering the evidence and arguments in aggravation and mitigation, the court sentenced defendant to concurrent, 15-year terms. The court, believing defendant's plea was

3

"open" or non-negotiated, admonished defendant that he could file a motion to withdraw the plea, a motion to reconsider the sentence, or both. See Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

¶ 10    On September 9, 2022, postplea counsel filed a motion to withdraw plea of guilty and vacate judgment alleging defendant's plea was not knowingly, intelligently, and voluntarily made. In support, defendant alleged his trial counsel (1) did not afford him the opportunity to review discovery materials to assess whether he should go to trial or seek a negotiated plea, (2) threatened or coerced him to plead guilty, (3) misled and induced him to plead guilty, and (4) threatened to withdraw if defendant opted to go to trial. Postplea counsel also filed a motion to reconsider defendant's sentence. On October 20, 2022, postplea counsel filed a Rule 604(d) certificate affirming that he consulted with defendant regarding possible errors in the guilty plea and sentence, examined the court file and transcript from guilty plea and sentencing hearings, and made any necessary amendments to the motions to raise those issues.

¶ 11    A hearing on defendant's postplea motions was held on January 5, 2023. Defendant testified consistent with the allegations in his motion to withdraw guilty plea. On cross-examination, defendant denied lying to the court at the plea hearing when he said that his decision to plead guilty was voluntary and that he was satisfied with defense counsel's services. He acknowledged, though, that in light of his current testimony, his previous answers could be considered "incorrect." He testified that he previously gave those answers because he was under the influence of a powerful medication that rendered him unable to understand what was going on at the hearing. He explained that he told the court he was not under the influence of drugs at the time of his plea because he believed the court was asking only about narcotics and he did not think the medication he was taking was a narcotic.

¶ 12     His prior trial counsel provided testimony stating she reviewed discovery with defendant multiple times. She recalled a specific instance at the jail where they reviewed statements made by defendant and his girlfriend. Other times, they went over discovery on the phone or by Zoom. Counsel testified that, while she did discuss the possibility of withdrawing from the case, defendant's decision to plead guilty or go to trial was never a basis for her potential withdrawal.

¶ 13     After considering the testimony presented, the court found defendant was not credible and denied the motion to withdraw his guilty plea. No additional argument or evidence was presented on defendant's motion to reconsider defendant's sentence and the court found it previously applied the sentencing factors appropriately and denied the motion.

¶ 14                                          ANALYSIS

¶ 15     Defendant appeals from the circuit court's orders denying his motions to withdraw his guilty plea and reconsider his sentence. His court-appointed appellate attorney, OSAD, moved for leave to withdraw and filed a supporting memorandum listing three potential arguments on appeal but ultimately concluded the arguments had no merit. Defendant filed a response disputing OSAD's conclusion and adding additional claims for consideration.

¶ 16     The first potential issue raised by OSAD was whether postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. Sept. 18, 2023). Rule 604(d) requires counsel appointed to represent a defendant on a postplea motion to

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion

5

necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023).

¶ 17     Here, counsel filed a certificate of compliance that closely tracked the rule's language. Defendant claims that reliance on the certificate is undermined because his counsel did not know the law. In support, defendant relies on the postplea counsel's motion to reconsider that was filed despite defendant's negotiated plea. We agree that defendant's counsel was precluded from filing a motion to reconsider sentence based on the negotiated plea. See Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023). However, even as we confirm the plea as "negotiated," both the court and the prosecutor referred to it as an "open" plea. We cannot fault postplea counsel for filing a motion to reconsider, given the differing classifications of the plea, especially when such motion could potentially benefit defendant and caused no harm to defendant or his ability to appeal. Thus, we hold that no meritorious argument exists as to whether counsel complied with the rule.

¶ 18     OSAD's second potential issue addresses the court's denial of defendant's motion to reconsider sentence. OSAD concludes, citing *People v. Axelson*, 2015 IL App (2d) 140173, that defendant was not entitled to challenge his sentence at all. In response, defendant contends the State failed to expressly agree not to seek consecutive sentences.

¶ 19     Illinois Supreme Court Rule 605(b) (eff. Sept. 18, 2023) provides that the court should advise a defendant who pleads guilty that in order to appeal he must file either a motion to withdraw the plea or a motion to reconsider the sentence or both. But a defendant who enters a negotiated plea must move to withdraw the plea in order to appeal. Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023). Rule 605(c) applies when "the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.* The rationale for this rule is that a defendant who accepts a sentencing concession implicitly agrees to accept

6

any sentence covered by the concession and allowing such a defendant to seek further sentencing relief would allow the defendant to escape his part of the agreement while holding the State to its bargain. *People v. Evans*, 174 Ill. 2d 320, 332 (1996).

¶ 20    In *Axelson*, the court held that the State agreeing not to seek consecutive sentences was a "concession[ ] relating to the sentence" such that the defendant could not move to reconsider the sentence. *Axelson*, 2015 IL App (2d) 140173, ¶ 15. While defendant contends the State made no such agreement, his argument is rebutted by the record which reveals the parties advised the court that that State "agreed not to seek a consecutive period of incarceration" for the counts at issue. Here, just as in *Axelson*, the State provided a concession related to defendant's sentence. As defendant was precluded from requesting a reconsideration of his sentence, denial of the motion cannot be erroneous.

¶ 21    However, even if we considered the motion on its merits, no error is found. A trial court has broad discretion in imposing a sentence, and its sentencing decisions are entitled to great deference. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The reason for the deference is "because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "The trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citations.] Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." *Stacey*, 193 Ill. 2d at 209.

¶ 22    Here, the circuit court noted defendant was being sentenced on his sixth and seventh felony convictions, observed that he was a "professional drug dealer," and that defendant had a firearm

7

and drugs in a house where children were living. However, the court also noted that none of defendant's prior convictions involved violence, that he was cooperative during his arrest and investigation, and that he suffered from a medical condition. The court's 15-year sentence was within the statutory 6-to-30-year statutory range for a Class X felony (see 730 ILCS 5/5-4.5-25 (West 2020)) and the record confirms the court's consideration of the mitigating factors. We may only alter such a sentence when it varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Neither is shown here and, therefore, no meritorious argument exists to support the contention that the court abused its discretion in rendering defendant's sentence.

¶ 23     OSAD's final potential issue addresses whether the court erred in admonishing defendant, accepting his plea, or denying the motion to withdraw. OSAD concludes the argument had no reasonable merit. Defendant contends that the court's reliance on his response that he was able to comprehend the proceedings while taking his medication resulted in the court's erroneous acceptance of his plea and further contends that the court's denial of his motion to withdraw the plea was erroneous. In support of his latter claim, defendant contends—for the first time on appeal—that he was unfit to plead guilty, the court's inquiry regarding his medications required expert medical testimony.

¶ 24     We start with the court's admonishments and acceptance of defendant's guilty plea. Prior to accepting the plea, the court admonished defendant under Illinois Supreme Court Rule 402 (eff. July 1, 2012). That rule requires the court—before accepting any guilty plea—to inform the defendant of, and determine that defendant understands, the nature of the charge, the maximum and minimum sentences, that he or she has the right to plead not guilty, and that, by pleading

8

guilty, he or she is waiving the rights to a trial and to confront the witnesses. Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

¶ 25    Here, the circuit court informed defendant of the charges and the sentencing ranges for each offense and confirmed his understanding. The court informed defendant of the right to plead not guilty, and that he would be waiving other constitutional rights by entering a plea of guilty, including his right to a bench or jury trial where he would be presumed innocent unless the State proved him guilty beyond a reasonable doubt. The court also informed defendant he would be waiving his rights to counsel, to confront witnesses, to see evidence, to be present, to present a defense, and to testify or remain silent. Following these admonitions, the court confirmed that defendant understood the rights he was waiving, and defendant advised the court that he still wanted to plead guilty. Defendant also assured the court that no one had coerced or threatened him to induce the plea, he had not been promised anything beyond the plea terms stated, he had adequate opportunity to consult with his counsel, and he was satisfied with counsel's representation. The court asked defendant if he was on any medication that day and defendant advised that he was. The court asked defendant if he was on any medication that may affect his ability to reason, and think, and/or talk with this attorney. Defendant replied, "No, sir." The court then asked defendant if he believed he had his wits about him that day and defendant replied, "Yes, sir." The court then asked defendant's counsel if she believed defendant was coherent and understood her. Defense counsel replied "Yes, your Honor" and further advised the court that she had no issue that she wished to raise regarding defendant's coherence and believed he was entering into the plea knowingly, intelligently, and voluntarily. Based on these assurances, the court found defendant's plea knowing and voluntary and accepted it. Under the circumstances, we find the court complied with the rule and no reasonable argument exists that the court's admonishments

9

were faulty, or the court erred in accepting defendant's guilty plea based on the statements provided by defendant, and his counsel, at the plea hearing.

¶ 26    We next consider defendant's issue regarding his motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw his guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. In order to withdraw a guilty plea, the defendant must establish a manifest injustice under the facts involved. *Id.* "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *Id*.

¶ 27    We review the trial court's ruling on a motion to withdraw a guilty plea under the abuse of discretion standard. *People v. Jamison*, 197 Ill. 2d 135, 163 (2001). An abuse of discretion occurs when the court's ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the view adopted by the court. *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009).

¶ 28    Here, defendant's motion to withdraw his plea alleged that his trial counsel did not allow him to see the discovery and threatened to withdraw from the case if he wished to proceed to trial. At the hearing on the motion to withdraw, defendant testified consistently with the allegations in the motion and conceded that his current testimony regarding his trial counsel contradicted his previous statements at the plea hearing. He contended that, despite his previous representations, he was under the influence of a powerful medication that made him unable to understand the proceedings.

¶ 29    Defendant's prior trial counsel also testified at the motion to withdraw hearing. As to the discovery, counsel's testimony directly contradicted defendant's testimony. As to the defendant's testimony about her potential withdrawal, trial counsel conceded that she and defendant discussed

10

her potential withdrawal from the case, but counsel testified that the basis of the potential withdrawal had nothing to do with defendant's decision to plead guilty or proceed to trial.

¶ 30     After the hearing, the court found defendant's trial counsel more credible than defendant. Such decision was well within the court's purview. See *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 43 ("[T]he determination of witness credibility rests with the trier of fact."). To the extent defendant's statements at the plea hearing conflicted with his testimony at the motion to withdraw plea hearing, it was also within the purview of the court to determine whether defendant's prior or current statements were more credible. *People v. Freeman*, 55 Ill. App. 3d 1000, 1003 (1977) ("It was proper for the trial court to consider the statements made by defendant at the plea proceeding in determining the weight and credibility of the defendant's testimony at the hearing on the motion."). As credibility rulings lie within the province of the trial court, we find no abuse of discretion in the trial court's denial of the motion to withdraw the guilty plea based on the testimony provided at the hearing.

¶ 31     Defendant also asserts that the trial court abused its discretion in denying his motion to vacate his guilty plea because he was unfit to plead guilty at the hearing. It is undisputed that requiring a defendant to plead guilty when unfit to do so violates due process. See *People v. Hanson*, 212 Ill. 2d 212, 216 (2004). A court must order a fitness determination when there is a *bona fide* doubt about a defendant's fitness to stand trial or plead. *Id.* at 217 (citing 725 ILCS 5/104-11(a), (b) (West 2000)).

¶ 32     A defendant is unfit to stand trial or plead if he or she is "unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2020). Fitness for trial and overall mental health are not synonymous. "Fitness speaks only to a person's ability to function within the context of a trial. It does not refer to sanity or competence

11

in other areas. A defendant can be fit for trial although his or her mind may be otherwise unsound." *People v. Easley*, 192 Ill. 2d 307, 320 (2000); see also *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 92.

¶ 33    Here, neither the State, defendant, nor the court raised a *bona fide* doubt of defendant's fitness. Defense counsel specifically stated defendant was coherent and understood her advice. The only evidence defendant cites in support of his claim is counsel's testimony that at some point prior to the plea hearing, defendant was "threatening" and "belligerent," causing her to question his fitness.

¶ 34    First, the cited portion of the record is taken out of context. Trial counsel was asked why—if it was not about defendant's plea of guilty—she was considering withdrawal from the case. In response, counsel stated, "He was not *** providing information that we would be able to [use to] build a defense. He was threatening me and belligerent to me, so he was very disrespectful, and there is also [the fact that] I haven't been paid." Nothing in these statements indicates any question of defendant's fitness to plead guilty. While defendant's behavior was disrespectful, it has no bearing on whether he understood the nature of the proceedings during the guilty plea hearing.

¶ 35    Defendant finds further support in his trial counsel's testimony that she had one moment while representing defendant in which she questioned his fitness. She testified that she did not present her concerns to the trial court. She instead directed her fitness concern directly to defendant. Thereafter, according to counsel's testimony, defendant assured her that he "was just emotional because he wanted to get to his children and [stated] that he could stand trial." She agreed that defendant alleviated her concerns about his fitness. As such, contrary to defendant's contention, the testimony confirms the lack of any *bona fide* doubt as to defendant's fitness by defendant's trial counsel.

¶ 36    We also reject defendant's responsive argument that claims expert testimony was required to determine whether his medication prevented him from understanding the proceedings. In support of his argument, defendant cites *People v. Steele*, 2014 IL App (1st) 121452.

¶ 37    In *Steele*, the issue was whether the victim was sufficiently competent to address the issues of causation. *Id.* ¶ 34. The court held the victim could testify as to his physical condition and any adverse effects from it but was precluded from testifying about a medical diagnosis, especially one not contained in the victim's medical records. *Id.*

¶ 38    Here, the court did not query defendant about his medical diagnoses. The record establishes that the court merely wanted to know whether defendant understood the proceedings. Such query does not require a medical opinion as no one other than defendant could definitively state whether he understood what was occurring at the plea hearing. Moreover, defendant never expressed concern to the court that he was unqualified to answer the question.

¶ 39    At the plea hearing, defendant unequivocally stated he was on medication and such medication did not impair his ability to reason, think, or speak with his attorney. He further indicated he was capable of comprehending the gravity of the proceedings by confirming he had his "wits" about him that day. His trial counsel also affirmatively stated that defendant was coherent and understood the advice she provided defendant prior to the proceedings. In summary, the statements provided on the issue of defendant's medication involved defendant's testimony regarding his own physical condition and his trial counsel's perception of his understanding the advice she provided while defendant was on the medication. As defendant was the most capable witness to address any physical or mental limitation arising from his medication and his counsel's testimony confirmed defendant's ability to understand the proceedings, we disagree that medical

13

expert testimony was necessary to determine the effects of defendant's medication on the date of the plea hearing. Accordingly, we find no support for defendant's claim.

¶ 40    Defendant's final claim contends the trial court erred in denying his motion to reconsider the sentence because his sentence involved improper double enhancement. In support, defendant claims the trial court referenced his two prior drug convictions that were also the predicate felonies for the AHC charge. In support, defendant cites *People v. Taylor*, 2022 IL App (5th) 180192.

¶ 41    An improper double enhancement occurs when either a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or the same factor is used twice to elevate the severity of the offense itself. *People v. Guevara*, 216 Ill. 2d 533, 545 (2005). The AHC statute provides that a "person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of *** a forcible felony as defined in Section 2-8 of this Code."  720 ILCS 5/24-1.7(a)(1) (West 2020).

¶ 42    In *Taylor*, 2022 IL App (5th) 180192, ¶ 55, we held that improper enhancement occurred where the circuit court specifically cited as aggravating factors the same two felonies that were the predicates for the defendant's AHC charge, emphasizing they were serious crimes and some violent crimes called forcible felonies. We find *Taylor* distinguishable. Here, the circuit court did not refer to any specific predicate felony at sentencing. It merely stated that the current convictions in this case were defendant's sixth and seventh felony convictions. Such a general statement falls short of the consideration of the prior offenses seen in *Taylor*. The court's mere mention of defendant's numerous prior felony convictions was a comment on defendant's lengthy criminal history, not an improper double enhancement.

14

¶ 43　　Defendant's remaining issues were not included in his motions to withdraw the plea and reconsider the sentence. Any issue not raised in a Rule 604(d) motion is forfeited on appeal. Ill. S. Ct. R 604(d) (eff. July 1, 2017). Moreover, aside from restating the double-enhancement issue addressed above, the remaining issues related to the underlying search warrant and subsequent *Franks* hearing (see *Franks v. Delaware*, 438 U.S. 154 (1978)). However, even if the issues were not forfeited under Rule 604(d), defendant's voluntary guilty plea waived the issues because a voluntary guilty plea waives all nonjurisdictional defenses and defects. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). Therefore, we find these issues forfeited.

¶ 44　　　　　　　　　　　　　　　　CONCLUSION

¶ 45　　As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 46　　Motion granted; judgment affirmed.