2024 IL App (1st) 231051-U

No. 1-23-1051

Order filed August 12, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 1246 |
| | ) | |
| ARTEZ McNEAL, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's dismissal of defendant's postconviction petition is affirmed where defendant has abandoned the claim of ineffective assistance of counsel which was raised in his petition and his claim on appeal that the armed habitual criminal statute is facially unconstitutional under the second amendment is without merit.

¶ 2    Defendant Artez McNeal appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, defendant has abandoned

the claim of ineffective assistance of counsel which was raised in his postconviction petition and, instead, solely contends that the armed habitual criminal statute under which he was convicted (720 ILCS 5/24-1.7 (West 2016)) is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend. II). For the following reasons, we affirm.

¶ 3 Following a 2017 jury trial, defendant was convicted of being an armed habitual criminal (AHC) and sentenced to a term of 10 years' imprisonment. The two predicate felony convictions underlying the AHC conviction were defendant's 2009 conviction for aggravated vehicular hijacking and his 2013 conviction for manufacture or delivery of a controlled substance. On direct appeal, this court affirmed defendant's conviction. *People v. McNeal*, 2019 IL App (1st) 180015.

¶ 4 On December 7, 2020, defendant filed a *pro se* postconviction petition under the Act raising a single claim of ineffective assistance of trial counsel for failing to investigate and call a particular witness at trial who may have provided exonerating testimony. Defendant attached to his petition an affidavit from that witness averring that she never gave a written or verbal statement against defendant and that counsel never contacted her to confirm or deny if she made a statement. The circuit court appointed counsel to represent defendant and advanced his petition to the second stage of proceedings under the Act.

¶ 5 On March 16, 2023, the State moved to dismiss defendant's postconviction petition arguing that counsel's decision regarding which witnesses to call at trial was a matter of trial strategy that was entitled to deference and generally immune from claims of ineffective assistance. The State pointed out that there was no evidence that the proposed witness ever provided a statement against defendant, and no written or verbal statement from her had been introduced at trial. Consequently,

the proposed witness's testimony would not have changed the outcome of trial and defendant had not been prejudiced by counsel's decision not to call her.

¶ 6 Following a hearing on May 31, 2023, the circuit court granted the State's motion and dismissed defendant's postconviction petition.

¶ 7 On appeal, defendant has abandoned his claim of ineffective assistance of trial counsel raised in his postconviction petition. Instead, for the first time on appeal, he solely contends that, in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the AHC statute under which he was convicted is facially unconstitutional under the second amendment of the United States Constitution (U.S. Const., amend II).

¶ 8 Generally, a claim not raised in a postconviction petition cannot be raised for the first time on appeal from the dismissal of that petition. *People v. Jones*, 213 Ill. 2d 498, 507-08 (2004). However, a challenge to a statute as facially unconstitutional is exempt from forfeiture and may be raised at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. Here, the parties agree, and we concur, that the record on appeal is sufficiently developed to allow this court to address defendant's constitutional challenge. See *id.* ¶ 37. Whether the AHC statute is constitutional is a question of law which we review *de novo*. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 9 (citing *People v. Davis*, 2014 IL 115595, ¶ 26).

¶ 9 The AHC statute provides:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher.

(b) Sentence. Being an armed habitual criminal is a Class X felony." 720 ILCS 5/24-1.7 (West 2016).

¶ 10   Defendant argues that the AHC statute is unconstitutional under the second amendment on its face. A facial challenge is "the most difficult challenge to mount." *Davis*, 2014 IL 115595, ¶ 25. Statutes are presumed constitutional. *People v. Bochenek*, 2021 IL 125889, ¶ 10. To rebut that presumption and establish that a statute is facially unconstitutional, the party challenging the constitutionality must demonstrate that there are no circumstances under which the statute would be valid. *Id.* "If it is reasonably possible to construe the statute in a way that preserves its constitutionality, we must do so." *Id.*

¶ 11   The second amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. In 2008, the United States Supreme Court issued its decision in *District of Columbia v. Heller*, in which it stated that the second amendment elevated "the right of law-abiding,

responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). In 2010, the Court extended the right to keep and bear arms to the states under the fourteenth amendment. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). The Court reiterated that its decision in *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.' " *Id.* at 786 (quoting *Heller*, 554 U.S. at 626-27).

¶ 12 Following *Heller* and *McDonald*, courts developed a two-step analysis for evaluating second amendment challenges to firearm regulations. See *Smith*, 2024 IL App (1st) 221455, ¶ 11. First, the courts considered whether the regulated activity fell within the scope of the second amendment as it was originally understood. *Id.* If the government did not establish that the regulated activity was outside the scope of the second amendment, the courts proceeded to the second step and conducted a "means-end analysis." (Internal quotation marks omitted.) *Id.* During that step of the analysis, the courts weighed the severity of the regulation against the ends which the government sought to achieve in enacting the regulation. *Id.*

¶ 13 However, in 2022 the Supreme Court issued *Bruen*, in which it adopted a new analytical framework for evaluating the constitutionality of firearm regulations. *Id.* ¶ 12 (citing *Bruen*, 597 U.S. at 17, 24). The Court condemned the means-end analysis. *Id.* (citing *Bruen*, 597 U.S. at 19). Rather, under *Bruen*, where the second amendment's plain text covers an individual's conduct, the conduct is presumptively protected. *Id.* (citing *Bruen*, 597 U.S. at 17, 24). To justify the regulation of that conduct, the government must then demonstrate that the regulation " 'is consistent with the Nation's historical tradition of firearm regulation.' " *Id.* (quoting *Bruen*, 597 U.S. at 24). To do so, the government must point to historical precedent, focusing on what the founders understood the

second amendment to mean. *People v. Brooks*, 2023 IL App (1st) 200435, ¶ 70 (citing *Bruen*, 597 U.S. at 27, 34-35).

¶ 14    Initially, the State responds that in this case we need not reach the analytical framework that *Bruen* provided. The State notes that *Bruen* concerned a portion of a New York statute that only issued licenses to carry a firearm outside one's home or place of business to those who showed that "proper cause" existed. *Bruen*, 597 U.S. at 11-13. The Court differentiated New York's "may-issue" licensing regime from the majority of states that have "shall-issue" licensing regimes, where the states issue a license whenever an applicant meets certain, objective requirements. *Id.* at 38 n.9. *Bruen* expressly stated that nothing in its decision "should be interpreted to suggest the unconstitutionality" of any "shall-issue" licensing regime. *Id.*

¶ 15    Following *Bruen*, in *People v. Gunn*, this court rejected the defendant's argument that the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a) (West 2020)) was facially unconstitutional because it criminalized possessing a firearm if the possessor was not in compliance with the Firearm Owners Identification (FOID) Card Act (430 ILCS 65/1 *et seq.* (West 2020)) or the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2020)) (Acts). *Gunn*, 2023 IL App (1st) 221032, ¶¶ 7, 19, 29-30. We found in *Gunn* that those Acts were "shall-issue" licensing programs of the type that *Bruen* had approved, and, therefore, the aggravated unlawful use of a weapon statute was not unconstitutional for criminalizing the possession of a firearm by a person who was not in compliance with those Acts. *Id.* ¶¶ 14-30.

¶ 16    The State notes that those Acts prohibit convicted felons from obtaining a FOID card or CCL. 430 ILCS 65/8(c) (West Supp. 2021); 430 ILCS 66/25(2) (West 2022). The State asserts that we may therefore reject defendant's facial challenge to the AHC statute without reaching any of

the analytical steps provided by *Bruen* because, like those Acts, the AHC statute prohibits felons from carrying firearms. We are not convinced that *Gunn* and *Bruen*'s discussion of licensing schemes should control here. See *Brooks*, 2023 IL App (1st) 200435, ¶ 79 n.11 (rejecting the State's request to find *Bruen* inapplicable to the AHC statute based on *Bruen*'s endorsement of shall-issue licensing regimes). In any case, the outcome of this appeal would not differ, as the AHC statute is constitutional under *Bruen*'s analytical framework.

¶ 17 Thus, we turn to the analysis provided by *Bruen*. Again, the first question under *Bruen* is whether the second amendment's plain text covers the conduct at issue. *Bruen*, 597 U.S. at 24. If it does, the second question is whether the State has demonstrated that the regulation comports with our national historical tradition of firearm regulation. *Id.*

¶ 18 Here, defendant claims that the conduct prohibited by the AHC statute, possessing a firearm, is covered by the plain text of the second amendment and therefore presumptively protected. We disagree. In *Bruen*, the Supreme Court reiterated that the second amendment does not grant an unrestricted right to carry firearms by all people at all times. Rather, it explained that:

> "The Second Amendment guaranteed to 'all Americans' the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions. *Heller*, 554 U.S. at 581, 128 S. Ct. 2783. Those restrictions, for example, limited the intent for which one could carry arms, the manner by which one carried arms, or the exceptional circumstances under which one could not carry arms, such as before justices of the peace and other government officials." *Id.* at 70.

¶ 19 In *Heller*, *McDonald*, and *Bruen*, the Supreme Court expressly stated that the second amendment protects the rights of "law-abiding citizens." See *Bruen*, 597 U.S. at 8-10 (agreeing

that "law-abiding citizens" have a right to carry handguns for self-defense outside the home); see also *Heller*, 554 U.S. at 635 (second amendment elevated "the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home" (emphasis added)); *McDonald*, 561 U.S. at 786 (reiterating that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons" (internal quotation marks omitted)).

¶ 20    On that basis, this court recently rejected a substantially similar facial constitutional challenge to the AHC statute that defendant presents here, concluding that *Bruen* did not apply to laws that attempted to regulate firearm possession by felons. See *People v. Kelley*, 2024 IL App (1st) 230569, ¶ 16. In *Kelley*, we found it significant that the majority opinion in *Bruen* repeated the phrase "law-abiding" no fewer than 13 times. We further found that *Bruen* did not indicate any intent to expand the second amendment's protection to citizens who are not "law-abiding." *Id.* Moreover, we noted that the explicit holding in *Bruen* was that the New York statute violated the fourteenth amendment because it prevented " 'law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms.' " *Id.* (quoting *Bruen*, 597 U.S. at 71). We stated, "[w]e presume that the Supreme Court's inclusion of 'law-abiding' in the holding is not superfluous or irrelevant, especially given the Court's repeated use of the phrase throughout the *Bruen* opinion, as well as its prior decisions." *Id.*

¶ 21    Therefore, in light of our holding that the AHC statute was facially constitutional in *Kelley*, defendant's facial challenge to that statute in this case must fail. See *Bochenek*, 2021 IL 125889, ¶ 10 ("A statute will be deemed facially unconstitutional only if there is no set of circumstances under which the statute would be valid.").

¶ 22 Defendant points out that in *Brooks*, this court found that the defendant's felon status was "irrelevant" during the first step of its *Bruen* analysis and that the effect of the defendant's prior felony conviction on his second amendment right to possess a firearm was more appropriately evaluated under the second step's historical tradition analysis. *Brooks*, 2023 IL App (1st) 200435, ¶ 89. In *Brooks*, the defendant claimed that the AHC statute was unconstitutional "as applied to him." *Id.* ¶ 1. It is well-settled that facial and as-applied constitutional challenges are not interchangeable. *Thompson*, 2015 IL 118151, ¶ 36. "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *Id.* Here, defendant raised only a facial challenge, which we determined above is without merit.

¶ 23 Nevertheless, although we find it unnecessary to engage in a fulsome historical analysis, if we were to do so, defendant's facial challenge would still fail. Under the second step of the *Bruen* analysis, *Brooks* found ample historical support for the legislature's ability to prohibit possession of firearms by twice-convicted felons. *Brooks*, 2023 IL App (1st) 200435, ¶¶ 90-105. The historical analogues included "widespread acceptance of the legislatures' authority to disarm felons" during the founders' era. *Id.* ¶ 96. *Brooks* recognized a "historical tradition of legislatures exercising their discretion to impose status-based restrictions disarming entire categories of persons" and that "the founders understood that felons were one such group." (Internal quotation marks and citations omitted.) *Id.* ¶ 97.

¶ 24 Defendant acknowledges our conclusion in *Brooks* but contends that portion of the decision was wrongly decided. We decline to revisit *Brooks* here. Rather, we will follow *Kelley* and reject defendant's facial challenge to the AHC statute under the second amendment. As defendant has

not shown that the AHC statute is unconstitutional, we affirm the circuit court's dismissal of his postconviction petition.

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.