NOTICE

Decision filed 01/05/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240068-U

NO. 5-24-0068

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-CF-349 |
| | ) | |
| DEMARIO D. BELL, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We uphold the armed habitual criminal statute and affirm defendant's armed habitual criminal conviction, where the second amendment does not protect felons' possession of firearms and defendant failed to explain how the statute's prohibition of felons possessing firearms was improper use of police power under article I, section 22 of the Illinois Constitution.

¶ 2    Defendant appeals from the dismissal of his *pro se* postconviction petition, arguing the armed habitual criminal statute violates the second amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). For the following reasons, we affirm the dismissal.

1

¶ 3                                    I. BACKGROUND

¶ 4      This appeal concerns only the facial constitutionality of the armed habitual criminal statute (720 ILCS 5/24-1.7(a) (West 2022)).[1] Accordingly, knowledge of the specifics of this case is unnecessary, and we present only a brief factual background.

¶ 5      On March 17, 2022, defendant entered an open guilty plea to two counts—armed habitual criminal (*id.*) and unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a) (West 2022))—in exchange for the State's dismissal of the armed violence charge (*id*. § 402(a)(2)(A); 720 ILCS 5/33A-2(a) (West 2022)) and agreement not to seek consecutive sentences at sentencing. As a part of its factual basis, the State provided that during a lawful search of defendant's residence, police discovered a 9-millimeter handgun in a drawstring bag in the residence and 27 grams of crack cocaine in a safe in defendant's bedroom. Defendant admitted ownership of the firearm and made statements indicating that he sold drugs. The State further informed the court that defendant was previously convicted of unlawful delivery of a controlled substance conviction in Jefferson County case Nos. 08-CF-465 and 13-CF-323 The court accepted the guilty plea.

¶ 6      On September 8, 2022, the court sentenced defendant to 15 years' imprisonment for each offense, to be served concurrently, with 1 year and 6 months' mandatory supervised release. The following day, on September 9, 2022, defendant filed a motion to withdraw his guilty plea and a motion to reconsider sentence. Both postplea motions were denied by the trial court, and the denials were affirmed on appeal. *People v. Bell*, 2023 IL App (5th) 230011-U, ¶ 45.

---

[1]As of January 1, 2025, the title of this offense is "[u]nlawful possession of a firearm by a repeat felony offender." Pub. Act 103-822, § 20 (eff. Jan. 1, 2025) (amending 720 ILCS 5/24-1.7 (West 2024)). However, because defendant was convicted prior to the title change, we refer to the offense by the name in effect at the time of his conviction.

¶ 7    On April 30, 2024, defendant filed a *pro se* petition for postconviction relief raising several claims of constitutional error, as well as a *pro se* motion to withdraw his guilty plea and a *pro se* motion for reconsideration. On May 30, 2024, the court dismissed the postconviction petition as frivolous and patently without merit.

¶ 8    On June 28, 2024, this court granted defendant until July 31, 2024, to file a late notice of appeal. Defendant filed his late notice of appeal July 29, 2024.[2]

¶ 9                                II. ANALYSIS

¶ 10    On appeal, defendant does not challenge the trial court's dismissal of his *pro se* postconviction petition and instead presents a facial constitutional challenge to the armed habitual criminal statute under the United States and Illinois constitutions. We acknowledge that defendant pled guilty and did not file a motion to withdraw, which usually results in waiver of any issue. *People v. Ratliff*, 2024 IL 129356, ¶¶ 24-26 (explaining that a guilty plea generally waives all constitutional issues that arose before the guilty plea and finding that failure to raise an issue in a postplea motion as required by Rule 604(d) waives the issue on appeal). We are also normally precluded from addressing an issue not raised in the postconviction petition. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 46 (citing *People v. Jones*, 211 Ill. 2d 140, 148 (2004)). A facial constitutional challenge, however, can be raised at any time. *Id.*; *People v. Villareal*, 2023 IL 127318, ¶ 13.

¶ 11    When a statute is declared facially unconstitutional, it is void *ab initio*, which "means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *People v. Thompson*, 2015 IL 118151, ¶ 32. "[C]hallenges to void judgments are

---

[2]After oral arguments were held, the State filed two motions to cite additional authority. The first motion requested this court consider *People v. Thompson*, 2025 IL 129965, and the second motion requested this court consider *People v. Smith*, 2025 IL App (5th) 230656. We took the motions with the case and now grant the State's motions.

not subject to forfeiture or other procedural restraints." *In re N.G.*, 2018 IL 121939, ¶ 43. An argument that a judgment is void may be raised at any time in any proceeding, either directly or collaterally. *Id.* ¶ 43. "Indeed, if the constitutional infirmity is put in issue during a proceeding that is pending before a court, the court has an independent duty to vacate the void judgment and may do so *sua sponte*." *Id.* ¶ 57. Accordingly, we address the merits of defendant's facial challenge. See *People v. Thompson*, 209 Ill. 2d 19, 27 (2004), *abrogated on other grounds by People v. Castleberry*, 2015 IL 116916, ¶ 18, (finding that a defendant could raise a voidness issue on appeal although it was not raised in the postconviction petition); *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 46; *People v. Bell*, 2013 IL App (3d) 120328, ¶ 6 (addressing argument that judgment was void although not raised in the successive postconviction petition).

¶ 12 "All statutes carry a strong presumption of constitutionality." *People v. Guevara*, 216 Ill. 2d 533, 543 (2005). A facial challenge is the most difficult type of constitutional challenge that a defendant must overcome. *Thompson*, 2025 IL 129965, ¶ 14. To succeed, defendant must show "no set of circumstances exists under which it would be valid." *Id.* We review the constitutionality of a statute *de novo*. *Villareal*, 2023 IL 127318, ¶ 14.

¶ 13 Defendant here argues that the armed habitual criminal statute (720 ILCS 5/24-1.7(a) (West 2022)) facially violates the second amendment and article I, section 22 of the Illinois Constitution. The armed habitual criminal statute imposes criminal liability on a person who "receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of" committing a Class 3 felony or higher under "the Illinois Controlled Substances Act or the Cannabis Control Act," or other listed offenses not relevant here. 720 ILCS 5/24-1.7(a) (West 2022).

¶ 14    The second amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. The United States Supreme Court, in *District of Columbia v. Heller*, 554 U.S. 570, 636 (2008), interpreted the second amendment to protect the right to keep and bear arms for self-defense in the home. The Court later held that the fourteenth amendment requires the states to regulate firearms in accordance with second amendment protections. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010). In both *Heller* and *McDonald*, the Court noted that nothing should cast doubt on the longstanding prohibitions on the possession of firearms by felons and that such regulatory measures were presumptively lawful. *Heller*, 554 U.S. at 626-27 n.26; *McDonald*, 561 U.S. at 786.

¶ 15    Since *Heller*, the lower courts developed a test for second amendment challenges "that combines history with a means-end scrutiny" component. *Bruen*, 597 U.S. at 17. The United State Supreme Court in *Bruen*, however, declined to adopt such test to analyze second amendment challenges. *Id.* at 19. It found the State could no longer justify firearms regulations on the basis that the regulation promotes an important interest. *Id.* at 17.

¶ 16    The Court explained the proper constitutional test for second amendment challenges operates from the presumption that the constitution protects any conduct that is covered by the second amendment's plain text. *Id.* To limit presumptively protected conduct, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

¶ 17    As such, we first determine whether the second amendment's plain language covers the conduct here. Defendant argues that under *Bruen*, the second amendment protects his conduct of possessing a firearm despite his status as a felon. Citing *People v. Brooks*, 2023 IL App (1st)

200435, ¶ 89, he contends the first step of *Bruen* regards *conduct*, and not whether it applies to a person's status, such as being a felon or law-abiding citizen. He also cites a statement in both *Heller* and *Bruen* that the second amendment guarantees "all Americans" the right to keep and bear arms in the home for self-defense. *Bruen*, 597 U.S. at 70 (citing *Heller*, 554 U.S. at 581). Defendant requests this court follow *Brooks*, 2023 Il App (1st) 200435, ¶ 89, which found the felon status of an individual was irrelevant in determining whether an individual's conduct was protected under the second amendment as required by *Bruen*.

¶ 18    Many Illinois courts have addressed whether second amendment protections are afforded to felons. One approach supports defendant's contention. *Brooks*, 2023 IL App (1st) 200435, ¶ 89-90, *appeal pending* (Jan. Term 2024); *People v. Stephens*, 2024 IL App (5th) 220828, ¶ 33; *People v. Doehring*, 2024 IL App (1st) 230384, ¶ 24; *People v. Travis*, 2024 IL App (3d) 230113, ¶¶ 25-26; *People v. Macias*, 2025 IL App (1st) 230678, ¶ 28. These cases reasoned that the second amendment's plain language covers "the people" and not only "law-abiding citizens." *Stephens*, 2024 IL App (5th) 220828, ¶¶ 28-33; *Travis*, 2024 IL App (3d) 230113, ¶¶ 25-26. The cases further reasoned that because *Bruen* requires courts to first determine whether the plain text of the second amendment protects the "conduct," a person's status as a felon is irrelevant in the first step of *Bruen*. *Brooks*, 2023 IL App (1st) 200435, ¶¶ 84-87, 89.

¶ 19    However, an overwhelming amount of caselaw supports the State's position that felons are not protected by the second amendment. *Smith*, 2025 IL App (5th) 230656, ¶ 34, *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37, *appeal pending* (Jan. Term 2024); *People v. Mobley*, 2023 IL App (1st) 221264, ¶¶ 29-30; *People v. Boyce*, 2023 IL App (4th) 221113-U, ¶ 16, *appeal pending* (Jan. Term 2024); *People v. Langston*, 2023 IL App (4th) 230162-U, ¶ 19; *People v. Boss*, 2025 IL App (1st) 221855, ¶ 33; *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); *People*

*v. Welch*, 2025 IL App (1st) 231116, ¶ 57 (collecting cases); *People v. Martin*, 2024 IL App (1st) 221562-U, ¶ 77; *United States v. Williams*, 113 F.4th 637, 645 (6th Cir. 2024) (collecting cases); *People v. Gardner*, 2024 IL App (4th) 230443, ¶ 68; *People v. Burns*, 2024 IL App (4th) 230428, ¶¶ 18-21; *People v. Mobley*, 2023 IL App (1st) 221264, ¶¶ 27-28; *People v. Whitehead*, 2024 IL App (1st) 231008-U, ¶¶ 76-89; *People v. Thomas*, 2024 IL App (4th) 240315-U, ¶¶ 21-23; *People v. McNeal*, 2024 IL App (1st) 231051-U, ¶¶ 10, 20-22; *People v. Leonard*, 2024 IL App (4th) 230413-U, ¶¶ 14-15; *People v. Smith*, 2023 IL App (2d) 220340-U, ¶¶ 54-57. In coming to this conclusion, these cases relied on the Court's repeated statements that the second amendment and *Bruen* test applied to regulation of gun possession for "law-abiding citizens." *Baker*, 2023 IL App (1st) 220328, ¶ 37 (noting that the Court repeated "law-abiding citizens" 18 times throughout the *Bruen* majority opinion and concurrences); *Burns*, 2024 IL App (4th) 230428, ¶ 19-20; *Welch*, 2025 IL App (1st) 231116, ¶ 57; *Gardner*, 2024 IL App (4th) 230443, ¶ 68.

¶ 20    As evidenced by the cases cited above, there is a split on the issue. Indeed, there is split within our own appellate district, with *Stephens* finding a felon is protected by the second amendment and *Smith* finding the opposite. Compare *Stephens*, 2024 IL App (5th) 220828, ¶ 33 with *Smith*, 2025 IL App (5th) 230656, ¶ 34. We join the great weight of authority and agree with *Smith* that the second amendment does not apply to a felon's firearm possession. See *People v. Hudson*, 2025 IL App (5th) 231140-U, ¶ 19.

¶ 21    We moreover note that although *Bruen* changes the test under which we analyze second amendment challenges, it clarified, rather than departed from, *Heller*. See, *Bruen*, 597 U.S. at 19-24. As noted above, the Court in *Heller* and *McDonald* stated that the second amendment allows prohibitions on felons possessing firearms. *Heller*, 554 U.S. at 626-27; *McDonald*, 561 U.S. at 786. Several of the justices in *Bruen* made similar statements. *Bruen*, 597 U.S. at 81 (Kavanaugh,

7

J., concurring, joined by Roberts, CJ.) (writing separately to note that, *inter alia*, *McDonald*'s statement which included that nothing should be taken to cast doubt on prohibitions on firearms for felons); *Bruen*, 597 U.S. at 129 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.) (noting that *Heller* found prohibitions on felons presumptively lawful). Since *Bruen*, the court has again noted that it had found prohibitions on the possession of firearms by felons were presumptively lawful. *United States v. Rahimi*, 602 U.S. 680, 699 (2024). So, while we agree that the United States Supreme Court has yet to directly address in depth the merits of the issue before us, its statements nevertheless support finding that prohibiting felons from possessing firearms is constitutional.

¶ 22    Here, the armed habitual criminal statute prohibits the possession of firearms for a defendant with two or more qualifying felony convictions. 720 ILCS 5/24-1.7(a) (West 2022). Since the challenged statute regulates firearm possession based on defendant's status as a felon, we find his conduct is not protected by the second amendment. Because defendant's argument fails at the first step of *Bruen*, we need not address the second step of the *Bruen* test. See *Hudson*, 2025 IL App (5th) 231140-U, ¶ 20.

¶ 23    Defendant further argues that even if the second amendment does not protect the right of a felon to possess a firearm, the Illinois constitution confers such a right. He contends the reference to the "the individual citizen" in article I, section 22 of the Illinois Constitution was meant to be broader than "the people" referred in the second amendment. We agree but find defendant's argument still fails.

¶ 24    Article I, section 22, provides: "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed." Ill. Const. 1970, art. I, § 22. Defendant is correct that the Illinois constitutional provision departs from the second amendment and

8

"substitutes 'the individual citizen' for 'the people[,]' " which was "intended to broaden the scope of the right to arms from a collective one applicable only to weapons traditionally used by a regulated militia [citation], to an individual right covering a wider variety of arms." *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 491 (1984). However, also in contrast to the second amendment, the Illinois Constitution limits such liberty by the inclusion of the words "subject only to police power." " 'Because arms pose an extraordinary threat to the safety and good order of society, the possession and use of arms is subject to an extraordinary degree of control under the police power.' " *Id.* at 491-92 (quoting Report of the Bill of Rights Committee on the Preamble and Bill of Rights, 6 Record of Proceedings, Sixth Illinois Constitutional Convention 88 (1970)). Police power includes "laws restraining or prohibiting anything harmful to the welfare of the people." (Internal quotation marks omitted.) *Id.* at 496.

¶ 25    Defendant here fails to explain how or why the armed habitual criminal statute's prohibition of felons possessing guns would not fall under the police power allowed by the Illinois Constitution. He makes no argument and cites no authority with respect to the "subject to police power" portion of the constitutional provision. Such argument is thus forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited."). Therefore, even assuming *arguendo* that defendant fell under the protection of article I, section 22, he fails to make a convincing argument that the armed habitual criminal statute violates the Illinois Constitution. We moreover note that defendant's argument and similar arguments have been rejected by several courts. *People v. Cox*, 2025 IL App (1st) 241260, ¶ 27 (collecting cases); *Burns*, 2024 IL App (4th) 230428, ¶¶ 28-29; *Hudson*, 2025 IL App (5th) 231140-U, ¶ 26. As such, defendant's argument under the Illinois Constitution fails.

¶ 26                    III. CONCLUSION

¶ 27    Defendant's second amendment rights were not violated where the statute under which he was convicted regulated felons possessing firearms and the second amendment allows for prohibitions on felons possessing firearms. His rights under article I, section 22 of the Illinois Constitution also were not violated where he failed to argue that prohibiting felons from possessing guns was not a proper use of police power. Accordingly, we affirm.

¶ 28    Affirmed.